IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRAGMATUS TELECOM, LLC,

    Plaintiff,

v.

ADVANCED STORE COMPANY, INC.
and
E-ADVANCED, LLC,

    Defendants.

Civil Action No. 12-088-RGA

## MEMORANDUM OPINION

Brian E. Farnan, Esq., FARNAN, LLP, Wilmington, Delaware; Andrew G. DiNovo, Esq. (argued), Adam G. Price, Esq., DINOVO PRICE ELLWANGER & HARDY, LLP, Austin, Texas.

    Attorneys for the Plaintiff Pragmatus Telecom, LLC.

Monté T. Squire, Esq., YOUNG, CONAWAY, STARGATT & TAYLOR, LLP, Wilmington, Delaware; Kimberly A. Mottley, Esq. (argued), PROSKAUER ROSE, LLP, Boston, Massachusetts.

    Attorneys for the Defendants Advanced Store Company, Inc. and E-Advanced, LLC.

July 10, 2012

Wilmington, Delaware

ANDREWS, United States District Judge:

Defendants move this Court to stay the patent infringement actions against them pending the resolution of *LivePerson, Inc. v. Pragmatus Telecom, LLC*, No. 12-147-RGA (D. Del.), which is a Declaratory Judgment Action filed against Plaintiff by the Defendants' "supplier." (D.I. 17). Both cases involve the same three patents. Defendants base their Motion to Stay on the interests of judicial economy and efficiency, and, separately, on the "customer suit exception" to the "first filed rule." (D.I. 18, pp. 5-7 & 7-9). Finding that LivePerson's Declaratory Judgment Action will likely simplify the issues for trial, and finding that no undue prejudice to Pragmatus will likely result, the Defendants' Motion to Stay is granted.

**PROCEDURAL HISTORY**

On January 27, 2012, Plaintiff Pragmatus Telecom, LLC simultaneously filed ten individual complaints in the United States District Court for the District of Delaware. (D.I. 18 at 5). All of the complaints alleged direct and indirect infringement of the same three patents: U.S. Patent Nos. 6,311,231; 6,668,286; and 7,159,043 (collectively "patents-in-suit"). These patents–and infringement claims–generally relate to the use of certain "live chat and related customer service communication channels." (D.I. 1, ¶ 11).

On February 7, 2012, LivePerson, Inc. filed a Declaratory Judgment Action in this District against Pragmatus seeking judgments of (1) non-infringement and (2) invalidity of the patents-in-suit. *LivePerson, Inc. v. Pragmatus Telecom, LLC*, C.A. No. 12-147-RGA (D. Del.) (the "LivePerson Action"). (D.I. 18 at 8).

Defendants Advance Stores Co., Inc. and E-Advanced, LLC (collectively "Customers") move this Court to stay the infringement actions against them pending the resolution of the

2

LivePerson Action.[1] LivePerson supplied the alleged infringing "LivePerson software" to the Customers, and the Customers believe a resolution in the LivePerson Action, at the very least, would simplify their pending suits.

**DISCUSSION**

    A.    <u>Stay Factors</u>

Before this Court is Customers' Motion to Stay. The three factors courts consider for determining the propriety of a stay are (1) whether granting the stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage. *See, e.g., Round Rock Research LLC v. Dole Food Co.*, 2012 WL 1185022, *1 (D. Del. April 6, 2012); *Vehicle IP LLC v. Wal–Mart Stores, Inc.*, 2010 WL 4823393, *1 (D. Del. 2010). The "court has the discretion to stay a case if the interests of justice so require." *Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*, 676 F. Supp. 2d 321, 326 (D. Del. 2009). The power to stay proceedings "'is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)).

Here, the three factors weigh in favor of granting the stay. First, any ruling in the LivePerson Action would simplify the issues in the Customers' cases. I expect the determination

---

[1]In addition to Advance Stores Co., Inc. and E-Advanced, LLC, Pragmatus has also named Ford Motor Co. (C.A. No. 12-092), Overstock.com, Inc. (C.A. No. 12-093), and The Estee Lauder Cos., Inc. (C.A. No. 12-096) as Defendants in infringement actions, and those Defendants have filed similar Motions to Stay with this Court as well. An Order will be entered in their respective cases consistent with this Memorandum Opinion.

3

of that case will most likely be dispositive of this case. Pragmatus argues that a stay will not simplify issues for trial because software other than LivePerson technology is involved, and thus not every issue would be resolved by the LivePerson Action. (D.I. 20 at 7). I do not accord that argument, which is speculatively made,[2] much weight. It does not seem to me that it is very likely that LivePerson's customers independently take LivePerson's technology and incorporate it into their own technology in some way that minimizes LivePerson's role as the provider of the allegedly infringing technology. The Customers argue that regardless of the outcome, the LivePerson Action will, at the very least, streamline the Customers' cases. (D.I. 18 at 10). If the LivePerson Action results in a finding that the patents-in-suit are invalid, that will resolve all the cases. *See Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 347 (1971). If the LivePerson Action results in a finding that LivePerson does not infringe the patents, that may resolve the issue of the Customers' infringement; at the least, it will simplify the issue.

Similarly, if Pragmatus prevails and LivePerson fully compensates Pragmatus for its Customers' use of the LivePerson technology, Pragmatus would be barred from seeking further compensation from the Customers based on the same harm. *See Glenayre Electronics, Inc. v. Jackson*, 443 F.3d 851, 858 (Fed. Cir. 2006) (holding patentee is barred from collecting damages from customer after supplier/manufacturer already compensated patentee for customer's use of infringed product). I think it is beyond argument that a resolution in the LivePerson Action would simplify the issues in the Customers' infringement actions. The only question is, "How

---

[2] "Advance *presumably* adopts products from multiple vendors for its infringing functionality, along with proprietary systems and personnel." (D.I. 20 at 7) (emphasis added).

4

much?" The first factor favors granting the stay.

Second, the proceedings are in their infancy. The motion was filed before any trial date had been set and any discovery had been scheduled. The Court did hold a Rule 16 conference a month ago. (D.I. 29). This motion was promptly argued thereafter. The trial date that has been set is September 8, 2014. No discovery of significance has occurred. Accordingly, this factor favors granting the stay as well.

Finally, no clear tactical disadvantage or undue prejudice against Pragmatus would exist by granting the stay. Pragmatus is solely in the business of monetizing patents, and since Customers are not "direct competitors," injunctive relief is not available. Any purported harm that Pragmatus suffers from a stay can be fully compensated by monetary damages.[3] Indeed, while Pragmatus is of course entitled to make its own litigation decisions, I cannot help but think it would be more efficient for Pragmatus to have one case against a supplier than four cases against customers.

Pragmatus argues that it would be prejudiced by a stay because the LivePerson software is only a component of the Customers' infringing systems, and Pragmatus is entitled to compensation for the use of the entire invention, not just a component. (D.I. 20 at 6-7). A stay, however, would not bar Pragmatus from receiving full compensation, where compensation is due. By granting a stay, I believe I am sensibly managing the multitude of cases Pragmatus has

---

[3]The relationship between the various parties is often an important factor when determining whether any party would suffer undue prejudice from a stay. "Of particular importance is the fact that plaintiff does not develop or sell any products of its own and is not a competitor of defendants. Courts are generally reluctant to stay proceedings where the parties are direct competitors. Since the parties do not compete, this factor favors a stay." *Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, 2010 WL 4823393, *2 (D. Del. Nov. 22, 2010).

brought without unduly prejudicing it. The stay will be granted.

B. Customer Suit Exception

The Customers argue that the Customer Suit Exception to the First-Filed Rule applies to their cases and favors a stay. Generally, the First Filed Rule provides that "when *two federal district courts* are handling cases involving the same parties and issues, the court where the litigation was first filed should preside over the litigation." *Enzo Biochem, Inc. v. Calgene, Inc.*, 1993 WL 266518, *2 (D. Del. May 18, 1993) (emphasis added). The Customer Suit Exception to the First Filed Rule provides that when "litigation [is] against or brought by the manufacturer of infringing goods [, it] takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

The First Filed Rule and the Customer Suit Exception do not strictly apply to this litigation, although they are usefully considered in relation to the issue before me. The First Filed Rule is a forum favoring rule, i.e., one that applies when multiple claims exist in multiple jurisdictions. Here, both the LivePerson Action and Pragmatus's suit against the Customers are before this Court, and no "forum favoring" is needed. Thus, the Customer Suit Exception also does not directly apply to these cases. The reasoning behind it, however, supports granting a stay in Pragmatus's suit against the Customers.

The three factors used to determine applicability of the Customer Suit Exception are (1) whether the Customers are merely resellers; (2) whether the Customers agree to be bound by any decision in the Manufacturer's case; and (3) whether the Manufacturer is the sole source of infringing products. *See Tegic Commc'n Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). The "guiding principles for [the Customer Suit Exception] are

6

efficiency and judicial economy." *Id.* at 1343. The manufacturer's case is preferred because the manufacturer is the "true defendant." *Katz*, 909 F.2d at 1464.

First, the Customers claim that the infringement actions are for their "ordinary use" of LivePerson technology, nothing more. (D.I. 24 at 3-4). Second, "[The Customers] agree[] to be bound by any decision in the LivePerson DJ Action with respect to infringement or non-infringement of the [patents-in-suit] based on [the Customers'] use of LivePerson technology." (D.I. 18 at 12). Third, the Customers argue that LivePerson's technology is the only source of accused infringement, or, in the alternative, is at the center of Pragmatus's infringement allegations and is a "major issue." (D.I. 18 at 13).

Pragmatus argues that the Customers use other, non-LivePerson technology for their infringing systems and therefore the action against the Customers will not be resolved by the LivePerson action. (D.I. 20 at 8-9) (arguing that the Customers have integrated LivePerson technology with "other vendors and proprietary infrastructure" to create the infringing system). However, "[a]s the Federal Circuit noted in *Katz* . . . the manufacturer's case need only promise to resolve the 'major issues' concerning the claims against the customer, and not every conceivable issue." *Ultra Products, Inc. v. Best Buy Co., Inc.*, 2009 WL 2843888, *5 (D.N.J. Sept. 1, 2009) (citing *Katz*, 909 F.2d at 1464).

Based on the pleadings, the Customers' use of the LivePerson technology is central and a "major issue" not only to the LivePerson Action, but also to the action against the Customers. (D.I. 13 at 4). Granting a stay in the Customers' suits while the LivePerson Action proceeds will simplify the issues for trial and will not cause undue prejudice for either party.

An appropriate order will issue.